■ WILLIAM MARCO, as Administrator of the Estate of HARRY MARCO, Deceased, Appellant and Substituted Appellant, v. WALTER E. SACHS et al., Respondents, and BLUE RIDGE CORPORATION et al., Appellants, et al., Defendants.— In a stockholder's derivative action, the appeals are (1) from an order

dated July 2, 1956 granting respondents' motion to strike out and dismiss the second amended complaint, pursuant to section 299 of the Civil Practice Act, for the failure of Ida Marco to appear for examination before trial, if said Ida Marco should fail to submit to examination as therein provided, (2) from so much of an order dated July 2, 1956 as on reargument adhered to the original determination, (3) from an order dated August 13, 1956 denying Ida Marco's motion to resettle the two orders of July 2, 1956 above mentioned, (4) from a judgment dated August 28, 1956 striking out and dismissing the second amended complaint, pursuant to section 299 of the Civil Practice Act, and (5) from an order dated September 12, 1956 denying Ida Marco's motion to substitute as plaintiff William Marco as administrator of the estate of Harry Marco, deceased, in the place and stead of Ida Marco, as ancillary administratrix of the estate of Harry Marco, deceased. Judgment reversed, without costs. Order on reargument, insofar as appealed from, reversed, without costs, and matter remitted to the Special Term for further proceedings not inconsistent herewith. The learned Justice at Special Term, in granting the motion to dismiss under section 299 of the Civil Practice Act, apparently was of the opinion that he was precluded from considering the merits of Ida Marco's excuse for failing to appear for examination before trial, by the previous order in the action, affirmed by this court, staying proceedings on her part until she submitted to such examination. The prior determination, however, had no such effect. The question before the court on the motion to dismiss was whether or not Ida Marco's failure to appear for examination at that time was willful. The order staying proceedings was made more than a year earlier and was, at most, a holding that no sufficient excuse for her failure to appear had then been shown. The Special Term should decide, on the record submitted and on such other evidence as the parties may be advised to present, whether Ida Marco's failure to submit to an examination before trial in 1956 was willful. If there was such a willful default, the complaint should be dismissed; otherwise, the motion should be denied. The Special Term may consider, on the question of the claimed physical incapacity of Ida Marco to appear for examination, that there is little proof of such condition other than the unsworn statements of two doctors, which are controverted by the evidence produced by respondents as to her activities. If the Special Term deems it advisable, a hearing may be held for the taking of testimony concerning Ida Marco's physical condition. Order dated September 12, 1956, affirmed, without costs. No opinion. Appeals from order dated July 2, 1956, conditionally granting respondents' motion to dismiss the second amended complaint, dismissed, without costs. (*Edell* v. *Edell*, 279 App. Div. 657.) Appeals from the order dated August 13, 1956 dismissed, without costs, as academic. Nolan, P. J., Ughetta and Hallinan, JJ., concur; Beldock and Kleinfeld, JJ., concur in the affirmance of the order dated September 12, 1956 and in the dismissal of the appeals from the orders dated July 2, 1956 and August 13, 1956, but dissent from the reversal of the judgment and the order dated July 2, 1956 and vote to affirm said judgment, and said order insofar as appealed from, with the following memorandum: All the material facts are now before this court. They clearly show, especially when read in the light of the facts contained in the record on the prior appeals, that Ida Marco's failure to appear and to submit to the examination before trial was not only inexcusable, but persistent, willful and deliberate, if not contumacious. Hence, the motion to dismiss the complaint was properly granted (Civ. Prac. Act, § 299). As the motion was properly granted, it becomes immaterial that the learned Justice at Special Term may have assigned an inadequate or wrong reason for his action. His order should be affirmed if, in fact, it is justified by the entire record, as it is here. The "appellate court" is not confined to the grounds assigned by the court below for its

decision" (6 Carmody on New York Practice, § 344). Under all the circumstances a final disposition ought now to be made by this court. No useful or practical purpose will be served by the remission to the Special Term. It will result in the production of evidence essentially duplicative and cumulative of the facts in the record on the present appeals and in the record of the prior appeals.